IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.**

DAVID QUINTANA,

Plaintiff,

v.

TOWN OF CASTLE ROCK,

Defendant.

---

## COMPLAINT AND JURY DEMAND

---

The Plaintiff, David Quintana, ("Quintana"), hereby brings this Complaint and Jury Demand against the Defendant, Town of Castle Rock, hereafter, (the "Town"), and states in support as follows:

### NATURE OF THE CLAIMS

1. This is an action brought under the United States Age Discrimination in Employment Act (the "ADEA") and the Colorado Anti-Discrimination Act ("CADA") for declaratory, injunctive, equitable relief, as well as monetary damages to redress Defendant's unlawful age discrimination practices in violation of federal law.

2. Mr. Quintana was fired from his position with the Town on February 15th, 2022.

3. Plaintiff timely filed charges of discrimination with the EEOC (EEOC Charge No.: 541-2022-02173).

1

4. Plaintiff received his right to sue letter from the EEOC on September 28th, 2023.

5. Plaintiff has filed this lawsuit within ninety (90) days of receipt of the notice.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff asserts claims under the ADEA and from claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII").

7. This Court has supplemental jurisdiction over the Plaintiffs' state statutory claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action, including the unlawful employment practices alleged herein, occurred in the District of Colorado.

## PARTIES

9. Mr. Quintana hereby incorporates paragraphs 1-8 by reference.

10. Mr. Quintana is a United States citizen who is now 58 years old.

11. Mr. Quintana was hired by the Town on February 17th, 2005.

12. At all relevant times, Mr. Quintana met the definition of an "employee" under all applicable U.S. Codes.

13. The Town of Castle Rock is a home rule town, the county seat, and the most populous municipality of Douglas County, State of Colorado.

14. At all relevant times, Defendant met the definition of an "employer" under all applicable U.S. Code.

2

15. Mr. Quintana falls within the protected class of persons under the ADEA and Title VII.

## ADMINISTRATIVE PROCEDURES

16. Mr. Quintana hereby incorporates paragraphs 1-15 by reference.

17. Mr. Quintana has complied with all statutory prerequisites to filing this action.

18. Mr. Quintana has timely and properly exhausted his administrative remedies by filing a timely complaint (EEOC Charge No.: 541-2022-02173) with the Equal Employment Opportunity Commission.

19. This lawsuit is now ripe for filing, as the Plaintiff received his right to sue notice from the EEOC on September 28th, 2023, and 90 days have not yet passed since the filing of this complaint.

## FACTUAL ALLEGATIONS

20. Mr. Quintana hereby incorporates paragraphs 1-19 by reference.

21. Mr. Quintana was hired by the Town on February 7th, 2005, as a Guest Services Representative for the Parks and Recreation Department.  On May 1st, 2006, Mr. Quintana assumed the role of Guest Services Manager.

22. On January 1st, 2009, Mr. Quintana's position was reclassified as a Front Desk Manager. On March 3, 2011, Mr. Quintana began taking on additional responsibilities as a Birthday Party Host and Special Needs Coordinator.  On May 1st, 2012, Mr. Quintana's role was changed to an exclusive Special Interest Coordinator.

3

23. On November 20th, 2019, Mr. Quintana was promoted to a full-time Recreation Specialist and remained in this role until his termination by the Town on February 15th, 2022.

24. As a recreation specialist, Mr. Quintana was responsible for planning, organizing, implementing, directing, and evaluating a range of recreation activities.

25. Mr. Quintana planned, programmed, promoted, and coordinated over 100 programs and classes within the Cultural Arts and Youth Division.  He helped increase the number of programs made available to the public.

26. In Mr. Quintana's performance reviews, he regularly exceeded his job performance expectations and was otherwise fully competent and consistently met or exceeded his job performance expectations.

27. By the Towns own admissions, Mr. Quintana received positive performance evaluations, worked well with his co-workers, and did a good job in his role as the Recreation Specialist.

28. Mr. Quintana was also sometimes called on by his supervisors and co-workers to check on general security concerns at Town facilities, had some access to keys at the Town facilities, and investigated some suspicious activities when they occurred on the Town facilities.

29. It was well known throughout the Town facilities that Mr. Quintana had prior experience as a police officer and this experience and training was requested on

numerous occasions of suspicious activities during his almost 18 years of employment with the Town.

30. The Town almost entirely relies on an incident stemming from January 28, 2022, to justify its termination of Mr. Quintana.

31. However, the Town failed to properly investigate, consider all witness statements, consider witness statement inconsistencies, and contradictions of the facts from January 28, 2022.

32. Looking at all the facts, it's clear that Mr. Quintana did not violate applicable Town values, personnel guidelines, that would justify his termination.

33. At most, Mr. Quintana engaged in a non-physical, non-threatening verbal altercation with a co-worker.

34. While there was a mutual verbal disagreement between Mr. Quintana and a co-worker, no physical altercation occurred, and no threats were made.

35. The Town used the incident as the sole pretext to terminate Mr. Quintana.

36. The Town improperly investigated the incident, failed to consider all the relevant facts, and the way in which Mr. Quintana was terminated by the Town was entirely improper.

37. Mr. Quintana, after termination, was replaced by a younger person of Caucasian descent.

38. Mr. Quintana was treated differently than his other co-workers because of his age and ethnicity.

5

**FIRST CLAIM FOR RELIEF**
(Age Discrimination in violation of the Age Discrimination in Employment Act
("ADEA"), 29 U.S.C. § 621 et seq. and the Colorado Anti-Discrimination Act ("CADA"))

39. Mr. Quintana hereby incorporates paragraphs 1-38 by reference.

40. Mr. Quintana is a member of the class protected by the ADEA based on his age at the time of his termination and employment with the Town.

41. Mr. Quintana suffered an adverse employment action when he was terminated by the Town.

42. Mr. Quintana was extremely qualified based on his years of experience for the position.

43. Mr. Quintana was replaced by someone younger than the age of 40 and was also replaced by a less qualified applicant to his position.

44. Mr. Quintana's age was the reason he was terminated, and the proffered reasons of termination offered by the Town were solely pretext.

45. The Town failed to properly follow its guidelines and investigate the allegations against Mr. Quintana.

46. The Town failed to conduct a fair investigation of the violation that purportedly prompted adverse action.

47. The Town failed to consider all witness statements, the inconsistencies, and contradictions of statements of interviewed witnesses in their investigation of the January 28, 2022, incident.

48. Mr. Quintana was terminated under circumstances that give rise to an inference of discrimination.

## SECOND CLAIM FOR RELIEF

(Discrimination based on Nation Origin – Title VII of the Civil Rights Act of 1964 ("Title VII")

49. Mr. Quintana hereby incorporates paragraphs 1-48 by reference.

50. As pled, Mr. Quintana was a member of a protected class, namely, of a Hispanic national origin.

51. Mr. Quintana was qualified and satisfactorily performed his work requirements at substantially all times and regularly exceeded his job expectations.

52. The Town failed to properly follow its guidelines and investigate the allegations against Mr. Quintana.

53. The Town failed to conduct a fair investigation of the violation that purportedly prompted adverse action.

54. The Town failed to consider all witness statements, inconsistencies, and contradictions of statements in their investigation, and failed to properly Investigate and consider all the evidence from the January 28, 2022, incident.

55. Mr. Quintana was terminated under circumstances that give rise to an inference of discrimination.

WHEREFORE, Mr. Quintana prays the Court as follows:

A. Enjoin the Town from engaging in unlawful discriminatory conduct.

B. Award Mr. Quintana compensatory damages in an amount to be determined at trial.

C. Award punitive damages in an amount to be determined pursuant to C.RS. § 24-34-405 or as otherwise allowed by law.

D.  Award Mr. Quintana costs of this action, reasonable attorney's fees, and expert witness fees.

E.  Grant Mr. Quintana such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6)
ON ALL ISSUES RAISED IN THE PLEADINGS**

Respectfully submitted this 12th day of December 2023.

FLESCH & BECK LAW

s/ Kevin C. Flesch

_____

Kevin C. Flesch

Flesch & Beck Law
333 W. Hampden Ave., #750
Englewood, CO 80110
Telephone:  303-806-8886
FAX:  303-806-8882
E-mail: kevinflesch@fleschlaw.com
*Attorneys for Plaintiff*